UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DALE EDWARD COVERT, | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. |
| v. | )<br>)  1:11-CV-1156 |
| THE LANE CONSTRUCTION CORPORATION, | )<br>)  Jury Trial Demanded<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

### NATURE OF COMPLAINT

1. This is an action seeking damages for violation of the Family and Medical Leave Act of 1993, 29 USC § 2617 ("FMLA") and seeking damages from Defendant's failure to provide Plaintiff with timely and proper notice of continued health coverage as required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-1169.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Dale Edward Covert, is a citizen of and a resident of Concord, Cabarrus County, North Carolina.

3. Defendant, The Lane Construction Corporation, is a foreign Corporation with its Principal Office located at 90 Fieldstone Court, Cheshire, Connecticut, 06410 and may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Raleigh NC 27601.

1

4. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law and the Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. At all times relevant to this Complaint, Plaintiff was employed by Defendant as an Asphalt Paving Foreman working out of Defendant's Charlotte, North Carolina facility.

7. Plaintiff began employment with Defendant in or about November 1998 and was employed until on or about October 13, 2011.

8. At all times pertinent hereto, Defendant employed fifty (50) or more persons within a seventy-five (75) mile radius of its Charlotte, North Carolina facility and was an employer as defined by 29 USC §2611(4).

9. At all times pertinent hereto, Plaintiff was an employee of Defendant within the meaning of 29 USC §2611(2).

10. In or about 2009, Plaintiff suffered a heart attack and missed time away from work.

11. After his heart attack, Plaintiff suffered from several serious health conditions which caused him to miss further time away from work including but not limited to high blood pressure, weight loss, nausea, and dizziness and, on occasion, Plaintiff lost consciousness.

12. Plaintiff's direct supervisor, Dominick Barilla (hereinafter "Barilla"), told Plaintiff on more than one occasion, that Plaintiff ought to go out on indefinite leave but Barilla did not

explain what he meant nor did he advise Plaintiff of his FMLA rights. Barilla made it clear that he was unhappy with Plaintiff's absences due to his health.

13. On October 11, 2011, Plaintiff met with Barilla and Barilla's superior, Danny Eudy, who told Plaintiff that he was missing too much time away from work and that he needed to "go out on disability."

14. Plaintiff immediately called and advised his doctor that his employer wanted him to be put "out on disability." Plaintiff's doctor advised that he could not just put Plaintiff "out on disability."

15. Plaintiff advised Barilla what the doctor had said and was told that they would have a follow up meeting on October 12, 2011.

16. On the night of October 11, 2011, Plaintiff began having severe chest pains and was admitted to the hospital. Plaintiff was released from the hospital on October 12, 2011 but was not medically released to return to work until October 17, 2011.

17. Plaintiff called and advised Barilla on or about October 12, 2011 that he would not be medically released to return to work until October 17, 2011 and Barilla told Plaintiff that he was terminated from employment due to absences.

18. Prior to his termination, Plaintiff was unaware of his rights or his employer's responsibility under FMLA, he was unaware of his ability to request FMLA leave and he was unaware of any documents that he would need to complete to receive FMLA.

19. Plaintiff's absences were all or almost all for a serious health condition and were covered by FMLA but Defendant failed or refused to advise Plaintiff of his FMLA rights.

3

Case 1:11-cv-01156-JAB-JEP   Document 1   Filed 12/29/11   Page 3 of 6

20. Defendant's management was aware Plaintiff's absences including his final absences were covered by FMLA yet Defendant did not provide him with information on the FMLA and terminated him due to his FMLA covered absences.

21. During his employment, Plaintiff and his spouse were covered by Defendant's medical, dental, vision, and prescription drug insurance plans.

22. Plaintiff's termination on October 12, 2011 constituted a qualifying event as defined by 29 U.S.C. § 1163(2).

23. Plaintiff was a participant as defined by 29 U.S.C. § 1002(7) and his spouse was a "beneficiary" as defined by 29 U.S.C. § 1002(8).

24. Defendant failed to provide a timely notice to Plaintiff of his right under COBRA, and in fact, Plaintiff never received the statutory notice required by 29 U.S.C. § 1166(a)(4).

25. Plaintiff's spouse later became covered under her employer's health insurance plan and Plaintiff was added to his spouse's policy which was less favorable and more expensive.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Family and Medical Leave Act)**

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this complaint.

27. Defendant was aware of its responsibilities under FMLA and that Plaintiff's absences should be covered by FMLA.

28. Defendant, by terminating Plaintiff for his otherwise FMLA covered absences and/or interfering with his FMLA rights violated FMLA.

29. Defendant's termination of Plaintiff in violation of the FMLA caused damages to Plaintiff including but not limited to losses in wages, salary and employment benefits.

30. Defendant's violation of the FMLA was willful, intentional and in reckless disregard for Plaintiff legally protected rights such as to justify the imposition of liquidated damages.

31. Therefore, Plaintiff sues Defendant pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.

## SECOND CLAIM FOR RELIEF
## (COBRA, 29 U.S.C. § 1161-1169)

32. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the complaint.

33. Defendant's failure to provide Plaintiff with timely and proper notice of his right to continued health coverage was in violation of COBRA.

34. Defendant's failure to provide timely and proper notice pursuant to COBRA caused economic damage to Plaintiff in the form of non-covered medical bills and the costs associated with obtaining less favorable health insurance.

35. Therefore, Plaintiff sues Defendant for violation of the COBRA, 29 U.S.C. §§ 1161-1169.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court grant the following relief:

A. Reinstatement to his former position or an equivalent position.

B. Lost wages, salary, employment benefits and other compensation caused by Defendant's actions in violation of the FMLA.

C. Statutory liquidated damages pursuant to FMLA.

D. The Court enter a judgment in favor of Plaintiff and against Defendant to include the statutory maximum amount of damages and penalties for Defendant's failure to provide timely and proper notice of his and his beneficiary's rights under COBRA.

E. The Court enter a judgment in favor of Plaintiff and against Defendant to include all costs and damages incurred by Plaintiff as a result of Defendant's failure to provide timely and proper notice under COBRA.

F. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

G. Any other compensatory damages suffered by Plaintiff which were caused by Defendant's actions as alleged herein.

H. The judgment bear interest at the legal rate from the date of filing this action until paid;

I. Defendant be taxed with the costs of this action;

J. Trial by a jury; and

K. The Court order such other and further relief as it may deem just and proper.

THIS the 29th day of December, 2011.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB# 33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
6471 Morehead Road
PO Box 692
Harrisburg, NC 28075
Telephone: 704.455.3311
Facsimile: 704.973.7859
e-mail: kirk@theangellawfirm.com